IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,221-01






EX PARTE ROBERT RODRIGUEZ VILLARREAL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-14,741-A IN THE 244TH DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to 30 years' imprisonment. 

 Applicant contends that he is entitled to credit for time spent confined on parole-revocation
warrants in 1988 and 1990. Specifically, he alleges that he is entitled to 78 days credit for time spent
confined on a parole-revocation warrant in 1988. He alleges that is entitled to 126 days credit for
time spent confined on a parole-revocation warrant in 1990. Applicant has alleged facts that, if true,
might entitle him to relief. Ex parte Canada, 754 S.W.2d 660 (1998). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of General Counsel to file an
affidavit addressing: (1) the dates of issuance of any parole-revocation warrants; (2) the dates any
such parole-revocation warrants were withdrawn; (3) the dates Applicant was confined on any such
parole-revocation warrants in 1988 and 1990; (4) whether Applicant was confined in county jail or
in an ISF facility; and, (5) whether Applicant has received credit for time spent confined on parole-revocation warrants in 1988 and 1990 and, if so, the amount of time Applicant has been credited. 
The affidavit should state also whether or not Applicant has submitted his claim to the time credit
resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is entitled to credit for time spent confined
on parole-revocation warrants in 1988 and 1990. The trial court shall also make findings as to
whether Applicant is receiving the proper amount of time credit for that time. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 4, 2009

Do not publish